In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas E. BIELINSKI, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Thomas E. BIELINSKI, Respondent.

Supreme Court

*No. 2012AP1654–D.—Decided December 18, 2012.*

2012 WI 123

(Also reported in 823 N.W.2d 796.)

1

¶ 1. PER CURIAM. We review the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Thomas E. Bielinski pursuant to SCR 22.12.[1] The parties stipulate that Attorney Bielinski admits to the facts and misconduct alleged in the OLR's complaint and agrees that the appropriate level of discipline is the revocation of his license to practice law.

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that the seriousness of Attorney Bielinski's misconduct warrants the revocation of his license to practice law in Wisconsin.

¶ 3. Attorney Bielinski was admitted to the practice of law in Wisconsin in May of 1985 and practiced in Brookfield. He has not previously been the subject of professional discipline. On June 12, 2012, Attorney Bielinski's license to practice law was suspended for

---

[1] SCR 22.12 provides:

(1)  The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2)  If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3)  If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4)  A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

2

failure to comply with mandatory continuing legal educational (CLE) reporting requirements. His license remains suspended.

¶ 4.  On August 23, 2011, Attorney Bielinski was charged with felony theft by false representation of greater than $10,000 in violation of Wis. Stat. § 943.20(1)(d). *See State v. Bielinski,* Milwaukee County Case No. 2011CF3705.

¶ 5.  The criminal complaint alleged that Attorney Bielinski stole $542,261.61 held in trust by the Milwaukee County Clerk of Circuit Court and Milwaukee County Treasurer by falsely claiming to represent people entitled to such money. The criminal complaint further alleged that Attorney Bielinski unsuccessfully tried to steal an additional $84,784.64.

¶ 6.  The criminal complaint alleged that between 2007 and 2011, Attorney Bielinski fraudulently purported to represent persons involved in mortgage foreclosure cases in which surplus funds remained after sheriff's sales and he claimed the funds on their behalf. The criminal complaint alleged that Attorney Bielinski filed 47 fraudulent claims with the Milwaukee County circuit court, 43 of which were approved and paid and 4 of which were denied. Attorney Bielinski's financial records showed he had no legitimate law practice at the time and his fraud scheme was his primary source of income. In order to commit these thefts, Attorney Bielinski engaged in a series of identity thefts, false notarizations, forgeries, and thefts of court records. He filed forged documents with the Milwaukee County circuit court and thereby tricked judges into signing orders to pay him surplus funds. After receiving payment, Attorney Bielinski often sanitized the records by removing his fraudulent pleadings and forgeries from the official court record.

3

¶ 7.  On April 4, 2012, Attorney Bielinski entered a guilty plea and was convicted of one count of felony theft by false representation greater than $10,000. He was sentenced to five years of initial confinement in prison with five years of extended supervision. The circuit court ordered restitution in the stipulated amount of $542,231.61 to be paid to Milwaukee County by May 2, 2022. The circuit court imposed a five percent surcharge and ordered if Attorney Bielinski fails to pay the restitution before the end of his sentence a civil judgment shall be entered.

¶ 8.  Attorney Bielinski failed to provide the OLR or the clerk of this court written notice of his conviction.

¶ 9.  The OLR filed a complaint against Attorney Bielinski on July 26, 2012. The complaint alleged two counts of misconduct:

> [Count 1:] By engaging in conduct leading to a criminal conviction for one count of felony theft by false representation greater than $10,000, in State of Wisconsin vs. Thomas E. Bielinski, Milwaukee County Case No. 11–CF–3705, Thomas E. Bielinski violated SCR 20:8.4(b).[2]

> [Count 2:] By failing to report to OLR and the Clerk of the Supreme Court in writing within 5 days his criminal conviction for one count of felony theft by false representation greater than $10,000, in State of Wisconsin vs. Thomas E. Bielinski, Milwaukee County

---

[2] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

4

Case No. 11–CF-3705, Thomas E. Bielinski violated SCR 21.15(5),[3] enforceable via SCR 20:8.4(f).[4]

¶ 10.   On October 5, 2012, the parties filed a stipulation in which they stipulated that Attorney Bielinski engaged in professional misconduct as alleged in the OLR's complaint. Attorney Bielinski agreed it would be appropriate for this court to impose the level of discipline sought by the OLR director—revocation of Attorney Bielinski's license to practice law in Wisconsin. The stipulation states that it did not result from plea bargaining. Attorney Bielinski agrees that the facts alleged in the OLR's complaint form a basis for the discipline requested. Attorney Bielinski represents and verifies that he fully understands the misconduct allegations; he fully understands the ramifications should this court impose revocation; he fully understands his right to contest the matter; he fully understands his right to consult with counsel; his entry into the stipulation is made knowingly and voluntarily; and his entry into the stipulation represents his admission of the misconduct alleged by the OLR and his assent to the level of discipline sought by the OLR director.

---

[3] SCR 21.15(5) provides:

An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the [s]upreme [c]ourt within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of the finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[4] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

¶ 11.    Supreme Court Rule 22.12 provides that if this court approves a stipulation it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. We adopt the findings of fact and conclusions of law to which the parties have stipulated regarding Attorney Bielinski's professional misconduct. We further determine that revocation of Attorney Bielinski's license to practice law is warranted. Attorney Bielinski has admitted to engaging in serious criminal conduct which consisted of an ongoing scheme to defraud the court and innocent parties solely to benefit himself financially. His misconduct lasted for approximately four years and involved at least 47 separate fraudulent transactions. Attorney Bielinski's conduct caused serious harm to numerous persons, none of whom were his clients, as well as to the integrity of the court system. Revocation is the appropriate sanction. We accede to the recommendation that no costs be assessed against Bielinski.

¶ 12.    IT IS ORDERED that the license of Thomas E. Bielinski to practice law in Wisconsin is revoked, effective the date of this opinion.

¶ 13.    IT IS FURTHER ORDERED that, to the extent he has not already done so, Attorney Bielinski comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.